## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In Re:  Shonda Matia Harris-Muhammed,                Case No. 21-33268-KLP
                            Debtor.                  Chapter 13 Proceeding


FEDERATION OF APPALACHIAN HOUSING            )
ENTERPRISES, INC., as Servicer for Richmond  )
Redevelopment and Housing Authority,         )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )
                                             )
SHONDA MATIA HARRIS-MUHAMMED,                )
DEMETRIUS H. MUHAMMED, Co-Debtor,            )
and                                          )
CARL M. BATES, Trustee,                      )
                                             )
                    Defendants.              )


### NOTICE OF AND MOTION FOR RELIEF FROM
### THE CO-DEBTOR STAY OF 11 U.S.C. § 1301(C)(2)


Federation of Appalachian Housing Enterprises, Inc., as Servicer for Richmond Redevelopment and Housing Authority has filed papers with the Court to seek relief from the co-debtor stay.


**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**


If you do not want the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then you must file a written response explaining your position and requesting a hearing with the Court at the following address:


File with the Court an answer, explaining your position at:


_____
Robert H. Chappell III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Karl A. Moses, Jr., Esquire (VSB #89433)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100
*Counsel for Federation of Appalachian Housing Enterprises, Inc.,*
*as Servicer for Richmond Redevelopment and Housing Authority*

William C. Redden, Clerk
U.S. Bankruptcy Court
Eastern District of Virginia, Richmond Division
701 East Broad Street, Suite 4000
Richmond, VA 23219

You must also mail a copy to

Jennifer J. West, Esquire
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

and to

Carl M. Bates, Chapter 13 Trustee
P. O. Box 1819
Richmond, Virginia 23218

**NOTICE TO CO-DEBTOR:** If you do not file an objection within 21 days of the service of this Motion, the law provides that the stay protecting you from further legal action against you by this creditor will terminate [see 11 U.S.C. § 1301(d)].

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

## <u>MOTION FOR RELIEF FROM CO-DEBTOR STAY</u>

Federation of Appalachian Housing Enterprises, Inc., as Servicer for Richmond Redevelopment and Housing Authority ("<u>FAHE</u>") submits the following Motion for Relief from the Co-Debtor Stay of 11 U.S.C. § 1301(C)(2), requesting the Court permit FAHE to enforce its remedies under its lease agreement and state law, including the right to foreclose upon and sell certain property, as defined herein, or enter an order granting it adequate protection of its interest in the personal property.  In support of this Motion, FAHE states the following:

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1334.  This matter is a "core" proceeding as set forth under 28 U.S.C. § 157.

2.      On October 29, 2021 (the "<u>Petition Date</u>"), Shonda Matia Harris-Muhammed (the

"Debtor") filed a petition under Chapter 13 of Title 11 of the United States Code.

3.      On October 30, 2021, the Court appointed Carl M. Bates as Interim Trustee and Mr. Bates continues to serve as the Trustee for the Bankruptcy Estate of the Debtor.

## LOAN DOCUMENTS

4.      On or about April 30, 2002, the Debtor and Demetrius H. Muhammed ("Mr. Muhammed" or the "Co-Debtor") executed a Deed of Trust Note (the "Note") in the original principal amount of $115,400.00 payable to Richmond Redevelopment and Housing Authority and serviced by FAHE.  FAHE is the holder of the Note.  A copy of the Note is attached hereto as **Exhibit 1**.

5.      The Note is secured by a Deed of Trust dated April 30, 2002 and recorded in the Clerk's Office, Circuit Court of the City of Richmond, Virginia (the "Clerk's Office") at Instrument Number 020015637 on May 21, 2002 (the "Deed of Trust").  The Deed of Trust was executed by the Debtor and Mr. Muhammed and encumbers real estate owned by them in the City of Richmond, Virginia described as and known hereafter as 2101 North Avenue, Richmond, Virginia 23222 (the "Property") and more particularly described below.  A copy of the Deed of Trust is attached hereto as **Exhibit 2**.

6.      On or about February 1, 2011, the Debtor and Mr. Muhammed executed a Loan Modification Agreement, which was recorded in the Clerk's Office at Instrument Number 11-5574 on March 30, 2011 (the "Loan Modification Agreement" and collectively with the Note and the Deed of Trust, the "Loan Documents").  A copy of the Loan Modification Agreement is attached hereto as **Exhibit 3**.

7.      The legal description of the Property is:

ALL that certain lot of land in the City of Richmond, Virginia, with improvements thereon and appurtenances thereunto belonging, designated as 2101 North Avenue and bounded and described as follows:

BEGINNING at the northeast corner of North Avenue and Roberts Street and running thence northwardly along and fronting on the east line of North Avenue 60 feet, thence extending back from said front in an easterly direction between parallel lines the southern one of which is the northern line of Roberts Street, 120 feet to an alley in the rear 12 feet wide, being Lot I, in Block 23, on the plan of Barton Heights, a plat of which is recorded in Henrico County Circuit Court.

BEING the same real estate conveyed to Demetrius H. and Shonda M. Muhammed, by deed from Richmond Redevelopment and Housing Authority, a political subdivision of the Commonwealth of Virginia, dated April 30, 2002 and recorded prior hereto in the Clerk's Office, Circuit Court in the City of Richmond, Virginia.

## GROUNDS FOR RELIEF

8.      FAHE is a secured creditor of the Debtor with a payoff of not less than $99,869.03 as of October 30, 2021 on the Note.

9.      The Debtor's Amended Chapter 13 Plan dated December 10, 2021 (the "Amended Plan") provides that the Debtor will make regular, post-petition payments on the Note directly to FAHE and arrears, if any, will be paid by the Trustee.  (ECF No. 18.)

10.      As of the date of filing of this Motion, the Debtor is delinquent for post-petition payments due to FAHE for November 2021 through January 2022 in the total amount of $6,090.18, which includes late fees.

11.      The interests of FAHE in the Property are not adequately protected constituting cause for granting relief from the co-debtor stay of 11 U.S.C. § 1301.

WHEREFORE, Federation of Appalachian Housing Enterprises, Inc., as Servicer for Richmond Redevelopment and Housing Authority respectfully requests that this Court enter an Order granting Federation of Appalachian Housing Enterprises, Inc., as Servicer for Richmond Redevelopment and Housing Authority relief from the from the co-debtor stay of 11 U.S.C. § 1301, allowing Federation of Appalachian Housing Enterprises, Inc., as Servicer for Richmond

Redevelopment and Housing Authority to enforce its remedies under the Loan Documents and

under state law, including the right to foreclose upon the Property or otherwise granting it adequate

protection, and that it have such other and further relief as the Court may deem appropriate.

> FEDERATION OF APPALACHIAN HOUSING
> ENTERPRISES, INC., as Servicer for Richmond
> Redevelopment and Housing Authority
>
>
> By: /s/ Jennifer J. West
>                Counsel

Robert H. Chappell III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Karl A. Moses, Jr., Esquire (VSB #89433)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100
*Counsel for Federation of Appalachian Housing Enterprises, Inc.,*
*as Servicer for Richmond Redevelopment and Housing Authority*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of and Motion for Relief from Co-Debtor Stay was sent via U.S. Mail, postage prepaid, and/or delivered by electronic means, this 5th day of January, 2022 to the following, constituting all necessary parties:

Shonda Matia Harris-Muhammed
2101 North Avenue
Richmond, VA 23222
*Debtor*

Demetrius H. Muhammed
2101 North Avenue
Richmond, VA 23222
*Co-Debtor*

James E. Kane
Kane & Papa, PC
P.O. Box 508
Richmond, VA 23218-0508
*Debtor's Counsel*

Carl M. Bates, Trustee
P. O. Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

John P. Fitzgerald, III, U.S. Trustee
Office of the US Trustee - Region 4-R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

/s/ Jennifer J. West

## SPECIAL NOTICE

**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 *et seq*) APPLIES TO THIS COMMUNICATION. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.   THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

## **Exhibit 1 – Note**

## DEED OF TRUST NOTE

## RICHMOND REDEVELOPMENT AND HOUSING AUTHORITY

### APPLICATION NO.: QRL- 7.25/CW-21/15/14/01-02CDPP

$115,400.00                                                  Richmond, Virginia

April 30, 2002

FOR **VALUE RECEIVED**, the undersigned, jointly and severally promises to pay to RICHMOND REDEVELOPMENT AND HOUSING AUTHORITY, or order the principal sum of ONE HUNDRED FIFTEEN THOUSAND FOUR HUNDRED DOLLARS ($115,400.00), with interest from the date hereof at the rate of seven and one quarter percent (7.25%) per annum on the unpaid principal balance hereof until paid. The principal of and interest on this Note shall be payable in monthly installments at the office of BankAmerica, P.O. Box 26388, Richmond, Virginia 23260, or at such other place as the Noteholder may designate in writing. The first installment, in the amount of NINE HUNDRED TWELVE AND 09/100 DOLLARS ($912.09), shall be due November 1, 2002, and the remaining installments, each in the amount of NINE HUNDRED TWELVE AND 09/100 DOLLARS ($912.09), shall be due on the first day of each and every month thereafter, beginning on December 1, 2002, until the principal of and interest on this Note is fully paid. However, the entire indebtedness evidenced by this Note, if not sooner paid, shall be due and payable on the first day of October, 2022.

For any payment that is ten (10) days in arrears, the Noteholder may collect a late charge not to exceed four cents ($.04) for each one dollar ($1.00) of such late payment. This late charge is necessary to cover the extra expenses involved in handling delinquent payments.

The undersigned has the right to prepay on any installment payment date, without premium or fee, the entire principal indebtedness evidenced by this Note or any part hereof. Such principal prepayment must be in the amount of ONE HUNDRED DOLLARS ($100.00) or multiples thereof. Each such principal prepayment will be applied in inverse order of principal installments. No such prepayment shall affect the undersigned's obligation to continue to pay the monthly installments as provided above.

If the undersigned fails to pay any installment of this Note on such installment's due date and if such installment including penalty is not paid before the due date of the next such installment, then, at the option of the Noteholder, the entire unpaid principal sum of and accrued interest on this Note shall at once become due and payable. The Noteholder shall not be required to give the undersigned notice of such acceleration. The Noteholder's failure to exercise this option shall not constitute a waiver by the Noteholder of its right to accelerate payments in the event of any subsequent default.

Presentment, protest, and notice of dishonor are hereby waived. The undersigned also waives the benefit of his homestead exemption as to this debt. The undersigned agrees that the time of payment of this Note, or any part of the principal of or interest hereon may be renewed or extended by the Noteholder. The undersigned further agrees that if this Note is not paid according to its tenor, he will pay all costs of collection, including reasonable attorney's fees.

This Note is secured by a Deed of Trust                                        gned to ADAM N. HARRELL, JR. and EDWARD                                  n as: 2101 North Avenue, Richmond, Virginia (the "P

The undersigned hereby acknowledges that this Note is the first in a series of two (2) notes executed by the undersigned in order to finance the rehabilitation of the Property. It is hereby understood and agreed that if the undersigned prepays the principal amount of this Note, then, on the first day of the month immediately following the date of such prepayment, the undersigned will begin to repay the principal of and interest on the second note in the amounts and according to the schedule (excluding the dates) set forth in the first paragraph of the second note.

Singular words herein shall also connote the plural and vice-versa. Masculine words herein shall also connote the feminine and/or neuter and vice-versa.

**WITNESS** the following signatures and seals:

_(signature)_ (SEAL)
Demetrius H. Muhammed

_(signature)_ (SEAL)
Shonda M. Muhammed

COUNTERSIGNED FOR IDENTIFICATION ONLY:

_(signature)_ Edward M. Gold
TRUSTEE

### ASSIGNMENT

Richmond Redevelopment and Housing Authority (the Authority) hereby irrevocably assigns the foregoing Note to ~~NationsBank~~ *Bank of America* (the Bank), its successors or assigns, under a Note Purchase Agreement (the Agreement) dated as of September 1, 1987 between the Authority and the Bank, and hereby directs the maker of the foregoing Note, to make all payments required by the Note directly to NationsBanc Mortgage Corporation, P.O. Box 26388, Richmond, Virginia 23275, or at such other place as the Bank may direct in writing. Such assignment is made without recourse in accordance with the provisions of the Bank Agreement and is made as security for the payment of the Authority's $3,000,000 Revenue Note dated December 31, 1991.

RICHMOND REDEVELOPMENT AND
HOUSING AUTHORITY

By _(signature)_
Deputy Director for Development and Rehabilitation

Pay to the order of Richmond Redevelopment and Housing Authority, 'AS IS', 'WHERE IS', 'WITH ALL FAULTS' AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, AND WITHOUT RECOURSE."

Bank of America, N.A.

By:_____
Kevin Larkin
Senior Vice President

**<u>Exhibit 2 – Deed of Trust</u>**

02- 015637          PG 0426 MAY 21 &

TAX MAP NO. N000-0449/007

EXEMPT FROM STATE AND LOCAL TAXES PURSUANT TO VA. CODE SECTION 58.1-811(A)
EXEMPT FROM TECHNOLOGY FEE PURSUANT TO SECTION 17.1-279

## DEED OF TRUST

## RICHMOND REDEVELOPMENT AND HOUSING AUTHORITY

### Application No.:  QRL-7.25/CW-21/15/14/01-02CDPP

THIS DEED OF TRUST, made this 30th day of April, 2002, between **DEMETRIUS H. MUHAMMED** and **SHONDA M. MUHAMMED**, (individually · and/or collectively hereinafter referred to as the "Grantors") and **ADAM N. HARRELL, JR.**, 707 East Main Street, Suite 1000, Richmond, Virginia 23219 and **EDWARD M. GOLD**, 901 Chamberlayne Parkway, Richmond, Virginia, 23220, respectively (individually and collectively hereinafter referred to as the "Trustee"), either of whom may act.

### W I T N E S S E T H:

That the Grantor does grant and assign with General Warranty of Title unto the Trustee the following property located in the City of Richmond, Commonwealth of Virginia (the "Property"):

ALL that certain lot of land in the City of Richmond, Virginia, with improvements thereon and appurtenances thereunto belonging, designated as 2101 North Avenue and bounded and described as follows:

BEGINNING at the northeast corner of North Avenue and Roberts Street and running thence northwardly along and fronting on the east line of North Avenue 60 feet, thence extending back from said front in an easterly direction between parallel lines the southern one of which is the northern line of Roberts Street, 120 feet to an alley in the rear 12 feet wide, being Lot I, in Block 23, on the plan of Barton Heights, a plat of which is recorded in Henrico County Circuit Court.

BEING the same real estate conveyed to Demetrius H. and Shonda M. Muhammed, by deed from Richmond Redevelopment and Housing Authority, a political subdivision of the Commonwealth of Virginia, dated April 30, 2002 and recorded prior hereto in the Clerk's Office, Circuit Court in the City of Richmond, Virginia.

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

1

IN TRUST to secure to the RICHMOND REDEVELOPMENT AND HOUSING AUTHORITY, a political subdivision of the Commonwealth of Virginia (the "Authority" or "Noteholder"), or its assigns, the payment of a certain promissory note bearing even date herewith in the principal sum of ONE HUNDRED FIFTEEN THOUSAND FOUR HUNDRED AND NO/100 DOLLARS ($115,400.00) (the "Note"), with interest thereon as provided in the Note; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of all other covenants and agreements of the Grantor herein contained. The Note is payable to the order of the Authority, at BankAmerica, P.O. Box 26388, Richmond, Virginia 23260, or at such other place as the Noteholder may designate in writing. The principal of and interest on the Note are payable in monthly installments, the first installment being in the amount of NINE HUNDRED TWELVE AND 09/100 DOLLARS ($912.09), is due November 1, 2002, and the remaining installments, each in the amount of NINE HUNDRED TWELVE AND 09/100 DOLLARS ($912.09), are due on the first day of each and every month thereafter, commencing on December 1, 2002, until the Note is fully paid. The entire indebtedness evidenced by the Note, if not sooner paid, shall be due and payable on the first day of October, 2022.

AND IT IS MUTUALLY UNDERSTOOD AND AGREED by and between the parties hereto that (a) all the buildings, walks, fences, shrubbery, driveways and improvements, (b) any and all items of personalty or fixtures which are attached, affixed or annexed to the realty, the building or to the improvements, including, by way of illustration but not way of limitation, cabinets, screens, blinds, doors, hardware, wires, switches, electric fixtures, bells, insulations and other water plumbing, ventilating and heating equipment, including stokers, burners, tanks and air conditioning equipment now upon or which may hereafter be placed upon the Property and (c) any and all items of personalty purchased with the proceeds of the loan evidenced by the Note, shall be deemed part of the security for the indebtedness herein mentioned, and shall be covered by this Deed of Trust.

The Trustee hereby agrees that the Grantor shall remain in quiet and peaceable possession of the Property, and take the profits thereof to his own use, until he defaults in the payment of any matter of indebtedness hereby secured or in the performance of any of the covenants herein provided.

Upon the full payment of the Note, and the interest thereon, and all moneys advanced or expended, as herein provided, and all other proper costs, charges, commissions, and expenses, the Trustee shall, at the cost of the Grantor, release and convey the Property to the Grantor.

If all or any part of the Property or an interest therein is leased, sold, or otherwise transferred by the Grantor, excluding the granting of a lien subordinate to this Deed of Trust or a transfer by devise, descent or by survivorship, the Noteholder will declare all sums secured by this Deed of Trust to be immediately due and payable.

In the event of a default in the payment of any indebtedness hereby secured, or in the performance of any of the terms or conditions hereof, the Noteholder may treat the whole unpaid principal debt hereby secured and the accrued interest thereon as immediately due and payable. The Noteholder shall, in order to recover the principal debt and accrued interest thereon have the right then or thereafter to sue thereon at law or in equity, or to enforce payment of the Note including any accrued interest or penalty thereon by any means provided by law. These rights shall exist notwithstanding that by its terms, the Note may not then be due.

Grantor further covenants and agrees as follows:

1. He will promptly pay the principal of and interest on the indebtedness evidenced by the Note, at the time and in the manner therein provided. The Grantor has the privilege to prepay on any installment payment date, without premium or fee, the entire principal indebtedness or part thereof. Any partial principal prepayments must be in the amount of ONE

2

HUNDRED DOLLARS ($100.00) or multiples thereof. Such principal prepayments shall be applied in inverse order of maturity of principal installments. Notwithstanding any such prepayment, Grantor shall continue to pay the monthly installments as provided herein, until the entire indebtedness is fully paid.

2.   Together with and in addition to the monthly payment of principal and interest payable under the terms of the Note secured hereby, Grantor will pay to the Noteholder, on the first day of each month until the Note is fully paid:

(a)   A sum equal to the premiums that will next become due and payable on policies of fire and other hazard insurance plus taxes and assessments next due, on the Property (all as estimated by the Noteholder and of which the Grantor is notified), less all sums already paid therefor, divided by the number of months prior to elapse before one month prior to the date when such premiums, taxes and assessments will become delinquent, such sums to be held by the Noteholder in trust to pay such premiums, taxes and assessments. No interest shall be payable on any sum so deposited.

(b)   The aggregate of the amounts payable pursuant to subparagraph (a) and those payable in the Note, shall be paid on a single payment each month, to be applied to the following items in the order stated:

(I)     taxes, assessments, fire and other hazard insurance premiums;

(II)    interest on the indebtedness secured hereby as provided in the Note;

(III)   amortization of the principal of the indebtedness as provided in the Note; and

(IV)   the remainder to the late charges, if any, provided in the Note.

The Grantor's failure to pay any deficiency in the amount of such aggregate monthly payment prior to the due date of the next such payment shall constitute an event of default under this Deed of Trust.

3.   If the total of the payments made under paragraph 2(a) exceed the amount actually paid by the Noteholder for taxes or assessments or insurance premiums, as the case may be, then the excess shall be credited on subsequent payments for such items. If, however, the monthly payments under paragraph 2(a) shall be insufficient to pay such items when due, the Grantor shall pay to the Noteholder any amount necessary to make up the deficiency upon written notice from the Noteholder stating the amount of deficiency. Failure to make up the deficiency before the next due date of such amount shall be an event of default under this Deed of Trust. If at any time the Grantor shall tender the Noteholder, in accordance with the provisions thereof, full payment of the entire indebtedness represented thereby, the Noteholder shall, in computing the amount of such indebtedness, credit to the account of Grantor any credit balance accumulated under the provisions of paragraph 2(a) hereof. If there is a default under any of the provisions of this Deed of Trust resulting in a public sale of the Property, or if the Property is otherwise acquired after default, the Noteholder shall apply, at the time of the commencement of such proceedings, or at the time the Property is otherwise acquired, the credit balance accumulated under paragraph 2(a), as a credit on the interest accrued and unpaid and the balance to the principal then remaining unpaid on the Note.

4.   Grantor will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, levied upon the Property except when payment for all such items has been made under paragraph 2(a) hereof, and Grantor will promptly deliver the official receipts evidencing such payment to the Noteholder.

5.   If the Property, or any part thereof, is damaged by fire, or other hazard against which insurance is held as herein provided, the amounts paid by any· insurance company pursuant to the contract of insurance, shall, to the extent of the indebtedness then remaining

unpaid, be paid to Noteholder, and at its option, may be applied to the debt or to the repairing or rebuilding of the Property.

6.      This Deed of Trust and the Note were executed and delivered to secure moneys advanced in full to the Grantor on account of a loan evidenced by the Note, for the purpose of (1) making the improvements described or referred to in the contract between Grantor and Robert Davis Construction Co., dated March 21, 2002 to or on the Property, and for such other purpose, if any, described or referred to therein (collectively, the "Improvements"), and for (2) providing the funds required to be deposited in a maintenance account established by a certain Maintenance Fund Agreement entered into before the date hereof by the Grantor and the Authority.

The Grantor shall make or cause to be made all the Improvements. If the construction or installation of the Improvements shall not be carried out with reasonable diligence or shall be discontinued at any time for any reason, other than strikes, lockouts, acts of God, fires, floods or other similar catastrophies, riots, war or insurrection, the Noteholder or the Trustee acting in execution of this trust after due notice to the Grantor is hereby authorized (a) to enter upon the Property and employ watchmen to protect the Improvements from depredation or injury and to preserve and protect such Property, (b) to carry out any or all then existing contracts between the Grantor and other parties for the purpose of making any of the Improvements, (c) to make and enter into additional contracts and incur obligations for the purpose of completing the Improvements pursuant to the obligations of the Grantor hereunder, either in the name of the Noteholder or the Grantor, and (d) to pay and discharge all debts, obligations, and liabilities incurred by reason of any action taken by the Noteholder or the Trustee acting in execution of this trust, as provided in this paragraph. All of the amounts so paid, with interest hereon from the date of each such payment, at the rate of six percent (6%) per annum, shall be payable by the Grantor to the Noteholder on demand and shall be secured by this Deed of Trust.

7.      No building or other structure or improvement, fixture or personal property deeded hereby shall be removed or demolished without the prior written consent of the Noteholder. The Grantor will not make, permit or suffer any alteration of or addition to any building or other structure or improvement now or which may hereafter be erected or installed upon the Property, or any part thereof, except the Improvements, nor will the Grantor use, or permit or suffer the use of, any of the Property for any purpose other than the purpose or purposes for which the same is now intended to be used, without the prior written consent of the Noteholder.

8.      The Trustee and any of his agents or representatives, shall have the right to inspect the Property from time to time at any reasonable hour of the day. Should the Property, or any part thereof, at any time require inspection, repair, care or attention of any kind or nature not provided by the Deed of Trust, as determined by the Trustee in his sole discretion, the Trustee may, after notice to the Grantor enter, or cause entry to be made upon the Property and inspect, repair, protect, care for or maintain such Property, and may pay all amounts of money therefor, as the Trustee may in his sole discretion deem necessary. On the first day of the month following such payment, the Grantor shall fully reimburse the Trustee and/or the Authority for the amount of such payment. The failure to make such payment shall be an event of default hereunder, and in the event of foreclosure, the amount of such payment shall be added to the principal, interest and penalty then due.

9.  The principal amount owing on the Note together with interest thereon and all other charges, as therein provided, and all other amounts of money owing by the Grantor to the Noteholder or Trustee pursuant to and by this Deed of Trust, shall, at the option of the Noteholder, immediately become due and payable without notice upon the filing of a petition in bankruptcy by or against the Grantor or upon the making by the Grantor of an assignment for the benefit of the Grantor's creditors. The Noteholder is authorized to declare, at its option, all or any part of such indebtedness immediately due and payable upon the happening of either of the following events: (a) The Trustee's discovery of the Grantor's failure in any application to the Authority for the loan hereby secured, to disclose any fact deemed by the Noteholder to

4

be material, or any material misrepresentation therein; and (b) The sale, lease, or other transfer of any kind or nature of the Property, or any part thereof, without prior written consent of the Noteholder.

10.    (a) Upon any default hereunder, the Grantor shall, upon demand of the Noteholder, surrender possession of the Property to the Trustee. The Trustee may enter the Property, and let the same and collect all the rents therefrom which are due or to become due, and apply the same, after payment of all charges and expenses, on account of the indebtedness hereby secured. All such rents and all leases existing at the time of default are hereby assigned to the Noteholder as further security for the payment of the indebtedness secured hereby. The Trustee may also dispossess, by the usual summary proceedings, any tenant defaulting in the payment of any rent to the Noteholder.

(b) If the Grantor is occupying the Property, or any part thereof, when any default hereunder occurs, he agrees to surrender possession thereof to the Trustee upon the Trustee's request. If the Grantor should remain in possession after such request, such possession shall be as a tenant of the Noteholder. The Grantor shall pay in advance upon demand by the Noteholder, as a reasonable monthly rental for the premises occupied by the Grantor, an amount at least equivalent to one-twelfth of the aggregate of the twelve monthly installments payable in the current calendar year, plus the taxes, assessments, water rates, other governmental charges, and insurance premiums payable in connection with the Property during such year.

11.    The Grantor will give immediate notice by registered or certified mail to the Noteholder of any fire, damage or other casualty affecting the Property, or any conveyance transfer or change in ownership of the Property, or any part thereof.

12.    The Grantor hereby agrees to pay all reasonable costs, charges, and expenses, including attorney's fees, reasonably incurred or paid at any time by the Noteholder, because of the failure on the part of the Grantor to perform, comply with, and abide by, each and every one of the stipulations, agreements, conditions and covenants of the Note and this Deed of Trust, or either.

13.    The Grantor hereby acknowledges that this Deed of Trust secures the first in a series of two (2) notes executed by the Grantor in order to finance the rehabilitation of the Property. It is hereby understood and agreed that if the Grantor prepays the principal amount of the Note, then, on the first day of the month immediately following the date of such prepayment, the undersigned will begin to repay the principal of and interest on the second note in the amounts and according to the schedule of payments (excluding the dates) set forth in the first paragraph of the second note.

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all other genders, and the term "Noteholder" shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation of law or otherwise. Any notice, demand or request required or permitted herein may be made in writing, and may be served in person or sent by mail to the Grantor at his address as shown on the records of the Noteholder.

The failure of the Noteholder or the Trustee to exercise any right or option given herein shall not constitute a waiver thereof; nor a waiver of any such right or option resulting from any subsequent default or occurrence.

The Noteholder is entitled to appoint a substitute trustee or trustees, at its discretion, for any reason whatsoever, by an instrument duly executed, acknowledged and recorded in the Office of the Clerk of the Court where this Deed of Trust is recorded.

This Deed of Trust, except to the extent inconsistent with the specific and express provisions contained herein, shall in all other respects be read and construed with and be deemed to incorporate by reference the provisions of Chapter 4, Title 55 of the Code of Virginia of 1950, as amended, as in force and effect on the date of the acknowledgment hereof, including the following provisions of Section 55-60:

> Identified by trustee's signature
> Deferred purchase money
> Exemptions waived
> Subject to all (call) upon default
> Insurance required $115,400.00 Dollars
> Substitution of trustee permitted
> Any trustee may act.

**WITNESS** the following signature and seal:

_____(SEAL)
Demetrius H. Muhammed

_____(SEAL)
Shonda M. Muhammed

COMMONWEALTH OF VIRGINIA    )
                           )
CITY OF RICHMOND           ) to-wit:

The foregoing instrument was acknowledged before me in my jurisdiction aforesaid on the 30th day of April , 2002 by Demetrius H. Muhammed.

My commission expires: June 30, 2004

_____
Notary Public

The foregoing instrument was acknowledged before me in my jurisdiction aforesaid on the 30th day of April , 2002 by Shonda M. Muhammed.

My commission expires: June 30, 2004

_____
Notary Public

Document prepared by:

Harrell & Chambliss LLP
707 East Main Street, Suite 1000
Richmond, Virginia 23219

INSTRUMENT #020015637
RECORDED IN THE CLERK'S OFFICE OF
CITY OF RICHMOND ON
MAY 21, 2002 AT 01:11PM
BEVILL/M. DEAN, CLERK
BY: _____ (DC)

6

**<u>Exhibit 3 – Loan Modification Agreement</u>**

PG  450 MAR 30

*II: 5574*

**Tax Parcel #:**  N0000449007

### LOAN MODIFICATION AGREEMENT

**THIS LOAN MODIFICATION AGREEMENT,** made as of the 1st day of February, 2011, by and between **DEMETRIUS H. MUHAMMED** and **SHONDA M. MUHAMMED** (together, the "Borrower") and **RICHMOND REDEVELOPMENT AND HOUSING AUTHORITY** (the "Lender") (collectively referred to as the "Parties").

**WHEREAS,** the Lender is the holder and the Borrower is the maker of a certain Deed of Trust Note dated April 30, 2002 in the amount of ONE HUNDRED FIFTEEN THOUSAND FOUR HUNDRED DOLLARS ($115,400.00) (the "First Note").  Pursuant to the terms of the First Note, the entire indebtedness of the First Note, if not sooner paid, shall be due and payable on October 1, 2022; and

**WHEREAS,** the First Note is secured by a certain Deed of Trust dated April 30, 2002, and recorded May 21, 2002, in the Clerk's Office, Circuit Court, City of Richmond, Virginia, as Instrument No. 02-015637, page 0426 (the "First Deed of Trust"); and

**WHEREAS,** the Lender is the holder and the Borrower is the maker of a certain Deed of Trust Note dated April 30, 2002 in the amount of SEVENTY THOUSAND DOLLARS ($70,000.00) (the "Second Note").  Pursuant to its terms, the first installment of the Second Note shall be due and payable beginning November 1, 2022, and the entire indebtedness evidenced by the Second Note, if not sooner paid, shall be due and payable on October 1, 2032; and

**WHEREAS,** the Second Note is secured by a certain Deed of Trust dated April 30, 2002, and recorded May 21, 2002, in the Clerk's Office, Circuit Court, City of Richmond, Virginia, as Instrument No. 02-015638, page 0432 (the "Second Deed of Trust"); and

**WHEREAS,** the Borrower acknowledges that the First Note and the Second Note (together, the "Notes") are valid and evidence the Borrower's existing obligations to the Lender; and

PG  4 5 1  MAR 30

**WHEREAS,** the Borrower is the record owner of 2101 North Avenue, Richmond, Virginia(the "Property"), the real estate encumbered by and more fully described in the First Deed of Trust and the Second Deed of Trust (together, the Deeds of Trust"); and

**WHEREAS,** the Borrower and Lender now desire to modify the terms of the Notes and the Deeds of Trust and any other documents executed in connection with the loans (the "Ancillary Documents").

**NOW, THEREFORE,** the Parties hereto agree as follows:

1.    The Borrower hereby agrees to pay the Notes as herein modified and to fulfill other obligations imposed upon the Borrower by the Notes, the Deeds of Trust and Ancillary Documents.  The Borrower agrees to execute any and all documents requested by the Lender to evidence the Borrower's obligations under the Notes, Deeds of Trust and Ancillary Documents including but not limited to any replacements for such documents.

2.    The outstanding and unpaid balance of the First Note as of the date hereof is One Hundred Eighteen Thousand Four Hundred Ninety-seven and 44/100 Dollars ($118,497.44), which shall bear interest at the rate of seven and twenty-five one-hundredths percent (7.25%) per annum.  Commencing on February 1, 2011, and on the first day of each and every month thereafter until the entire indebtedness evidenced by the First Note is paid in full, the Borrower shall make payments of principal, interest, taxes and insurance in the amount of One Thousand Two Hundred Thirty-six and 80/100 Dollars ($1,236.80) to the Lender. The entire indebtedness evidenced by the First Note, if not sooner paid, shall be payable on January 1, 2026.  All other provisions of the First Note, except as modified herein, remain unchanged and in full force and effect.

3.    The outstanding and unpaid balance of the Second Note as of the date hereof is Seventy Thousand Dollars ($70,000.00) The Borrower shall commence repayment of the Second Note on February 1, 2026 and the entire indebtedness of the Second Note, if not sooner paid, shall be due and payable on January 1, 2036.

4.    The Deeds of Trust shall be construed as containing the terms, conditions and requirements of this Loan Modification Agreement. By way confirmation of the

2

PG 452 MAR 30

foregoing, the Borrower hereby reaffirms their grant and conveyance of the Property, fixtures, personal property and other collateral described in the Deeds of Trust, to secure the Notes, as extended and modified and any other indebtedness and obligations secured by the Deeds of Trust. All other provisions of the Deeds of Trust, except as modified herein, remain unchanged and in full force and effect.

5.  The Ancillary Documents are hereby modified to reflect the terms of the Notes, as provided herein. All other provisions of the Ancillary Documents, except as modified herein, remain unchanged and in full force and effect.

6.  The Borrower hereby waives any and all set-offs, claims and defenses of any kind or nature that the Borrower may have against the Lender with respect to the Borrower's obligations under the Notes, Deeds of Trust or Ancillary Documents, as modified hereby.

7.  The Lender hereby consents to the modification of the Notes, Deeds of Trust and Ancillary Documents, as herein provided and authorizes and directs the Trustee to execute this Loan Modification Agreement.

8.  The Trustee joins in this Loan Modification Agreement for the sole purpose of acknowledging and agreeing to the foregoing modification of the Deeds of Trust.

9.  Singular words herein shall also connote the plural and vice-versa. Masculine words herein shall also connote the feminine and vice-versa.

**SEE SIGNATURES ON FOLLOWING PAGE**

PG 453 MAR 30

**WITNESS** the following signatures and seal:

BORROWER:

Demetrius H. Muhammed

Shonda M. Muhammed

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF _Richmond_     to-wit:

I, _Shawne Moore Johnson_ , a Notary Public in and for the jurisdiction aforesaid, do hereby certify that Demetrius H. Muhammed, whose name is signed to the foregoing Loan Modification Agreement, acknowledged the same before me in my jurisdiction aforesaid on _2nd_ day of _March_ , 2011.

[SEAL]

Shawne Moore Johnson
Notary Public
My commission expires: _01/31/2012_
Registration # _22/371_

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF _Richmond_     to-wit:

I, _Shawne Moore Johnson_ , a Notary Public in and for the jurisdiction aforesaid, do hereby certify that Shonda M. Muhammed, whose name is signed to the foregoing Loan Modification Agreement, acknowledged the same before me in my jurisdiction aforesaid on _2nd_ day of _March_ , 2011.

[SEAL]

Shawne Moore Johnson
Notary Public
My commission expires: _01/31/2012_
Registration # _22/371_

4

PG 454 MAR 30

**LENDER:**
RICHMOND REDEVELOPMENT AND
HOUSING AUTHORITY

By: _____
Anthony Scott, Chief Executive Officer

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF _____    to-wit:

I, _____ Notary Public in and for the jurisdiction
aforesaid, do hereby certify that Anthony Scott, Chief Executive Officer of Richmond
Redevelopment and Housing Authority, whose name is signed to the foregoing Loan
Modification Agreement, acknowledged the same before me in my jurisdiction
aforesaid on _22nd_ day of _March_ _____ , 2011.

_____
Notary Public
My commission expires: _12-31-2013_
Registration # _220581_

5

PG  455 MAR 30 =

**TRUSTEE:**

_Adam N. Harrell, Jr. Trustee_
Adam N. Harrell, Jr., Trustee

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF _Richmond_        to-wit:

I, _Shakeela M. Jordan_ , a Notary Public in and for the jurisdiction
aforesaid, do hereby certify that Adam N. Harrell, Jr., Trustee, whose name is signed
to the foregoing Loan Modification Agreement, acknowledged the same before me in
my jurisdiction aforesaid on _15_ day of _March_                    , 2011.

[SEAL]                        _Shakeela M. Ford_
                            Notary Public
                            My commission expires: _4/30/2013_
                            Registration # _7290443_

Commonwealth of Virginia
Shakeela M. Jordan - Notary Public
Commission No. 7290443
My Commission Expires 4/30/2013

INSTRUMENT # _11 - 5574_
RECORDED IN CLERK'S OFFICE
CITY OF RICHMOND

MAR 3 0 2011  AT _14:40_

BEVILL M. DEAN, CLERK

BY _____ DEPUTY CLERK

6